Dear Mr. Breaux:
Your request for an Attorney General's opinion has been referred to me for research and reply. Specifically, you ask "how the district can compensate these firefighters not only for their lost wages, but their time spent handling such legal responsibilities on behalf of the Fire Protection District."
La. R.S. 13:3662(A) provides that each fire service personnel "who, because of his official capacity, is required to be present as a witness in any civil case or in any administrative hearing . . . shall be paid an appearance fee of forty dollars per day per case or per hearing, when the witness's presence in court . . . is required by subpoena or other circumstance, and for which he is present, regardless of whether he actually testifies." In this context, `fire service personnel' includes "all persons employed or engaged full-time, part-time, or on a volunteer basis by municipalities or municipal fire departments, parishes or parish fire departments, or fire protection districts for fire fighting or fire prevention duties and services." La. R.S. 13:3662(1).
A firefighter who is paid a salary pursuant to La. R.S. 33:1992
may be compensated for his time spent as a witness in one of two ways. First, he can receive his salary from his governmental employer, just as he would if he were at the fire station. His second option is to receive the forty dollar witness fee provided for in La. R.S. 33:3662(A). Under no circumstances may he receive both his salary and the witness fee. La. R.S. 13:3662(F)(3) provides:
 If the officer is being compensated by his governmental employer during the period of his appearance, then the custodian shall pay the appearance fee to the officer's governmental employer or fiscal officer who is designated or authorized to receive revenues on behalf *Page 2 
of the governmental body. The governmental employer may retain such portion of the appearance fee as is necessary to reimburse it for salary, benefits, and other expenses it expends in making its employee available as a witness; if the appearance fee exceeds the amount the employer is required to pay in salary, benefits, and expenses for such appearance, the employer shall transmit the difference to the witness. In no case, however, shall the witness receive less than he would have been compensated as set forth herein.
If a firefighter is subpoenaed as a witness for a period of time during which he is being compensated partially by his governmental employer and a portion of time during which he is not being compensated by his employer, then the custodian must pay the witness only for his uncompensated time and pay the witness' governmental employer for the time the witness was compensated by that employer. La. R.S. 13:3662(F)(4).
A volunteer fire department, on the other hand, is a voluntarily organized fire company which possesses, in serviceable condition for fire duty, apparatus and equipment having a total value of five thousand dollars or more. La. R.S.22:1580. It does not pay the volunteers for their services. Atty. Gen. Op. No. 04-0142; see also La. R.S. 33:1998 (stating that "the provisions of this sub-part [minimum wages and maximum hours] do not apply to voluntary unpaid members of fire departments."). Thus, the choice between receiving one's regular salary or the witness fee is unavailable to a volunteer firefighter, since he receives no regular salary from the volunteer fire department. The volunteer firefighter must be compensated by the forty dollar witness fee.
Finally, your letter indicated that some volunteer firefighters also serve as members of the governing boards of the fire protection district (the "board"). Pursuant to La. R.S. 40:1498, members of the board "may be paid a per diem of thirty dollars for attending board meetings, not to exceed two meetings in any one calendar month, and may be reimbursed any expenses incurred in performing the duties imposed upon them by virtue of their serving as members." These amounts are to be paid from the fire protection district's funds. Id. Because these are government funds, the board member may choose to receive either the forty dollar witness fee or his per diem for board service, but not both.
In conclusion, it is the opinion of this office that a salaried firefighter who serves as a witness is entitled to receive either (1) his salary or (2) a forty dollar witness fee. A volunteer firefighter, however, can only be compensated by the witness fee. Similarly, the law also places limits on a volunteer firefighter who is a board member, unless testifying causes him to miss a board meeting. In that case, the board member may choose to be compensated by either the witness fee or his per diem for board service. *Page 3 
I hope this opinion adequately responds to your request. If I can be of further assistance to you, please do not hesitate to contact me.
Very truly yours,
 CHARLES C. FOTI, JR. Attorney General
 By: _____________________________ Christopher D. Matchett Assistant Attorney General